## YARDLEY v. SIBBS et al.

### (Circuit Court, E. D. Pennsylvania. December 11, 1897.)

### No. 25.

1. FRAUDULENT CONVEYANCES—RIGHTS OF CREDITORS.

A conveyance to a third party upon a secret trust for the benefit of the grantor and his nominees, for the purpose of hindering, delaying, or defrauding his creditors, is void as against such creditors; and judgments obtained by them subsequent to such conveyance are liens upon such of the premises so conveyed as have not, prior to such judgments, been conveyed to innocent purchasers for value.

2. SAME—INNOCENT TRUSTEE.

In such a case, where the declared objects of the trust are legitimate, and the purpose of the grantor to hinder, delay, or defraud his creditors is not disclosed nor known to the trustee, the latter cannot be made to account to he creditors for the proceeds of sales made by him in accordance with the terms of the trust, and for which he has accounted to his cestui que trust prior to notice to him of his grantor's fraudulent purpose.

This was a proceeding in equity, brought by Robert M. Yardley, as receiver of the Spring Garden National Bank, against Samuel S. Sibbs, R. E. Shulenberger, executor of the estate of Samuel Boyce, deceased, Anna M. Jackson, and Albert F. Boyce.

From the pleadings and proofs the facts appear to be as follows:

The Spring Garden National Bank, a corporation organized under the national bank acts, was declared insolvent and closed on May 8, 1891. Subsequently a receiver was appointed. Samuel Boyce was then the owner of 23 shares of the capital stock of the bank, and of certain real estate and ground rents. On July 28, 1891, Boyce conveyed the real estate and ground rents to Samuel S. Sibbs by a deed absolute on its face, and reciting a full consideration. On the same day Sibbs executed a declaration of trust, reciting that the consideration named in the deed had not been paid, and declaring that he held the premises in trust for Boyce for life, with remainder to sundry persons nominated by Boyce. The deed was duly recorded. The declaration of trust was not. On December 2, 1891, the comptroller of the currency ordered an assessment of $100 a share on all the shareholders in the bank. On or about December 5, 1891, Sibbs, under Boyce's direction, placed mortgages on certain of the real estate, and sold the ground rents held by him in trust, and turned over the proceeds to Boyce. On February 25, 1892, suit was brought against Boyce to recover the amount of the assessment on his stock. Judgment was obtained March 26, 1892, for want of an affidavit of defense. A fi. fa. was issued thereon, and returned nulla bona. Boyce died October 23, 1895, leaving a will, by which he appointed R. E. Shulenberger his executor, and devised and bequeathed all his property to Anna M. Jackson and Albert F. Boyce, the remaining defendants. The bill averred that the conveyance of July 28, 1891, was made by Samuel Boyce with intent to hinder, delay, and defraud his creditors. Sibbs filed an answer, denying the existence of such an intent, and also denying any knowledge of such intent on his part, and averring that he had acted in good faith, and had only carried out the purposes declared in the declaration of trust, and that at the time of the conveyance to him Boyce was possessed of other real estate, specifically described, which was more than sufficient to discharge his debts. This answer was supported, so far as his personal responsibility was concerned, by Sibbs' testimony. The bill prayed (1) that Sibbs be required to account in this proceeding for the proceeds of the sale of the trust property; and (2) that the deed of conveyance from Boyce to Sibbs be declared void as against the complainant, and that the latter's judgment be declared a lien on the property conveyed thereby.

Harry B. Gill, for complainant.

Frank M. Cody, for respondents.

DALLAS, Circuit Judge. As to all the real estate which is the subject-matter of this litigation, with the exception of the two ground rents of $36 each, the complainant is entitled to relief in substantial accordance with the second prayer of his bill. The ground rents had been sold, and the other real estate had been mortgaged by Sibbs, and the entire proceeds of these several transactions were paid over by him to his grantor, Samuel Boyce, before this suit was brought. These facts are fully established; and the evidence also shows that beyond question the conveyance by Boyce to Sibbs was, as to Boyce and as against his creditors, fraudulent and void. Did Sibbs take with knowledge, or with notice, actual or constructive, of the fraudulent purpose of Boyce? I cannot, upon the evidence, find that he did, or that he made any of the above-mentioned payments to Boyce with such knowledge or notice. The sworn answer of Sibbs explicitly and positively denies that he had such knowledge until after he had paid all the money to Boyce, and, when examined as a witness, he repeated this statement. His testimony, and certain letters which were written by him long after he had acquired knowledge of Boyce's object in transferring title, is the only material evidence upon this subject. I have examined it with care, and do not find in it anything which, in my opinion, would warrant me in holding that, as respects the money, or any portion of it, received by Sibbs, and paid over by him to Boyce, the former should be required to account to the creditors of the latter or to this complainant. The evidence is not, in any particular or as a whole, in necessary conflict with the absolute denial by Sibbs of inculpating knowledge or actual notice; and, though some of the circumstances shown might, no doubt, have led a more astute person to regard Boyce's conduct with suspicion, I do not think that the facts disclosed are sufficient to charge Sibbs with constructive notice of Boyce's unlawful design. Let a decree be drawn in accordance with this opinion.